```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                            :
DANIEL BORDEN, *individually, and on behalf of all*         :
*others similarly situated*,                                :
                                                            :
                            Plaintiff,                      :
                                                            :       25-CV-1120 (JMF)
            -v-                                             :
                                                            :              ORDER
DELOITTE CONSULTING, LLC,                                   :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Daniel Borden brings this action against Defendant Deloitte Consulting, LLC ("Deloitte"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332(d). Plaintiff alleges that he is a citizen of Rhode Island. *See* ECF No. 1 ("Complaint") ¶ 14. He alleges that Deloitte is a "for-profit Delaware corporation with its principal place of business at 30 Rockefeller Plaza, New York, New York" and that it is a "wholly-owned subsidiary of Deloitte Touche Tohmatsu Limited, a UK private company limited." *See id.* ¶ 15.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal

place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so.

Accordingly, it is hereby ORDERED that, on or before **March 10, 2025**, Plaintiff shall amend his Complaint to allege the citizenship of each constituent person or entity comprising Deloitte. If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: March 3, 2025
      New York, New York

                                                JESSE M. FURMAN
                                           United States District Judge